WILLIAM E. KENYON, APPELLANT, v. JAMES S. SEE AND OTHERS, EXECUTORS, ETC., OF JOHN MILDERBERGER, DECEASED, AND OTHERS, RESPONDENTS.

*Will — legacy upon a condition precedent — renunciation of, by the legatee — vesting of.*

The defendants' testator gave one-third of his estate, real and personal, to a grandchild, Selden M. Spencer, "to be paid to him at the time of his marriage;" and one-third to another grandchild, W. E. Kenyon, "at the time of his marriage." He then gave to his grandson, Selden M. Spencer, at the time of his marriage, the remaining third, in trust, to pay the interest thereon semi-annually to his grandson, Seymour H. Spencer, upon the express condition that the said Seymour H. Spencer should renounce the Roman Catholic priesthood, the payment to commence at the time of such renunciation; and upon the further condition that if he should marry, then he should have, and the testator gave to him, the said trust fund, with the accumulated interest. In case of the death of the said Seymour before marriage, he gave the said share to Selden "at the time of his marriage."

Selden married September 2, 1881. On September 15, 1881, Seymour, by a sealed instrument reciting that he never intended to renounce the priesthood or to marry, conveyed all his interest under the will to his brother Selden. Selden died September 26, 1881.

*Held,* that by the release and conveyance Selden acquired an absolute title to the trust estate, and an immediate right to the possession thereof, and that the same passed to his executors upon his death.

APPEAL from a decree of the surrogate of Westchester county, entered upon the accounting of the defendants, as executors of John Milderberger, deceased.

*John A. Husted,* for the appellant.

*Alexander & Green,* for executors of Selden M. Spencer, deceased, a legatee.

BARNARD, P. J.:

John Milderberger, a resident of Westchester county, died on the 27th of November, 1871, leaving a last will. By this will he gave one-third of his estate, real and personal, to a grandchild, Selden M. Spencer, "to be paid to him at the time of his marriage." He gave one other third to another grandchild, William E. Kenyon, "at the time of his marriage." Both of these grandchildren married and no question is made as to the several thirds so given to each of them. The testator had another grandchild, Seymour M. Spencer, who was a priest in the Roman Catholic Church. By the eighth clause of the will it was directed as follows:

"*Eighth.* I give, devise and bequeath to my said grandson, Selden Milderberger Spencer, at the time of his marriage, one other third of my real and personal estate not hereinbefore disposed of in trust to pay the interest thereon semi-annually to my grandson, Seymour Herbert Spencer, upon the express condition that the said Seymour Herbert Spencer shall renounce the Roman Catholic priesthood, said payment of interest to commence at the time of such renunciation; and upon the further condition that the said Seymour Herbert Spencer shall marry, I give devise and bequeath the said money held in trust together with the accumulated interest thereon to my said grandson, Seymour Herbert Spencer."

By the tenth clause the will provides as follows:

"*Tenth.* In case of the death of the said Seymour Herbert Spencer before marriage, I give, devise and bequeath his said share to my grandson, Selden Milderberger Spencer at the time of his marriage."

Selden M. Spencer married on the 2d of September, 1881. On the 15th of September, 1881, Seymour Herbert Spencer, by a sealed instrument reciting that he never intended to renounce the priesthood or to marry, conveyed all his interest under the will of John Milderberger, deceased, to his brother Selden M. Spencer. Selden M. Spencer died on the 26th of September, 1881.

Under these facts Kenyon claims the third given to Selden M. Spencer in trust and upon the condition named, because by the death of Selden before his brother, Kenyon is entitled as heir in reversion, and by the renunciation he is entitled to the possession now in absolute ownership.

# 214 KENYON v. SEE.

The executors of Selden claim it as owner of the reversion under the tenth clause of the will, and by the renunciation they are entitled now to the absolute possession.

I think it was not the intention of the testator by the tenth clause of the will to require Selden to survive his brother to be entitled to the reversion of his brother's third, if the conditions were not fulfilled by Seymour. The testator's language seems to be plain. There is no condition to the gift of the reversion, except that Seymour should die before marriage — before Seymour's marriage.

The words "at the time of his (Selden's) marriage," is in harmony with the entire will, which is so drawn that neither grandchild could take unless married. Selden could not be trustee for his brother until "at the time of his marriage."

The use of these words in the tenth clause only required that Selden should marry before he could take either his third or his brother's in trust, or the reversion of his brother's.

When he married he was competent to take and then did take this reversion of his brother's share. His subsequent death did not divest the bequest. If we are right in this conclusion, the appellant has no interest in the tenth clause or in the estate created thereby. If Selden took the reversion he held the third in trust: 1st. To pay the interest to his brother during his entire life if he would renounce the priesthood; and, 2d. In trust to pay the same to his brother upon his marriage. Seymour had his whole life to accept and perform these conditions. He has, as yet, done neither, but if he fails to do so, Selden takes the share under the tenth clause. I think by the release Selden got an absolute title. Seymour was competent to contract. He could convey nothing because he had nothing to convey. The conditions were conditions precedent, and no estate vested until performance. But he could waive a condition made in his favor. He has done so by deed. If we wait until the expiration of his life, he can then, only by refusal to renounce or marry, express the same thing which he has expressed by this deed. If Seymour had an estate in expectancy, the authorities would warrant his conveyance. (*Miller* v. *Emans*, 19 N. Y., 385; *Ham* v. *Van Orden*, 84 id., 257.) If Selden held an estate in trust for his brother upon his performing certain conditions, it was competent for this brother to renounce the condition and release his claim and

let the estate pass at once. The surrogate's decree should be affirmed, with costs against the appellant.

DYKMAN and CULLEN, JJ., concurred.

Decree of surrogate affirmed, with costs.